SLACUM (POMERY v.). See Case No. 11,262.

---

### Case No. 12,935.

#### SLACUM v. SIMMS et al.

[1 Cranch, C. C. 242.] [1]

Circuit Court, District of Columbia. June Term, 1805.[2]

INSOLVENCY—DISCHARGE—FRAUD.

An insolvent, who obtains a warrant of discharge by fraud, is not discharged in due course of law.

Debt [by Slacum] against [Jesse Simms and Peter Wise, Jr.] the principal and surety on a prison-bounds bond; plea, covenants performed; replication, did not keep in the bounds, but departed without being discharged in due course of law; rejoinder, discharged in due course of law; and issue thereon.

C. Lee, for defendant, contended that a warrant of discharge by the magistrates is conclusive evidence that Simms was dis-

charged in due course of law, and is as much a discharge of the bond, as it would be to the sheriff, if the prisoner was in actual custody. In an action for an escape, the warrant of discharge would be conclusive evidence. There is no difference between that case and an action on the prison-bounds bond.

Mr. Swann, contra. The issue is, whether Simms was discharged in due course of law. It does not follow that the surety is discharged because the sheriff is discharged. The sheriff is indemnified, because the act of assembly expressly makes the warrant an indemnification. The surety is not discharged unless the principal is discharged. But Simms would not be protected against this bond if his discharge was obtained by fraud.

THE COURT was of opinion (FITZHUGH, Circuit Judge, absent) that the warrant of discharge is not conclusive evidence that Simms was discharged in due course of law.

Mr. Jones, for defendants, then prayed an instruction to the jury, that if they should be of opinion, from the evidence, that the warrant of discharge was obtained by the fraud of Simms alone, without the participation of the magistrates, or of the defendant, Wise, (the surety,) the warrant was not void so as to enable the plaintiff to recover against the defendant, Wise, in this action. Which instruction THE COURT refused to give; but instructed them that such fraud, if proved, would render the warrant void, and therefore the issue could not be supported on the part of the defendants.

Bill of exceptions taken. Verdict for plaintiff, $1600.

Reversed by the supreme court, 3 Cranch [7 U. S.] 300.